```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

JOSEPH HARRIS, RUTH HARRIS,     )
LORETTA HARRIS and DEBORAH      )
WILLIAMSON,                     )
                                )
           Plaintiffs,          )
                                )
     vs.                        )  Civil Action No. 10-302
                                )
VETERANS ADMINISTRATION         )
HOSPITAL,                       )
                                )
           Defendant.           )

## MEMORANDUM OPINION

### I

Before the Court is the motion of Defendant, Veterans Administration Hospital ("VA Hospital"), to dismiss the complaint filed by Plaintiffs, Joseph Harris, Ruth Harris, Loretta Harris and Deborah Williamson, under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.[1]  For the reasons set forth below, the motion will be granted.

### II

Plaintiffs filed this civil action against the VA Hospital in the Court of Common Pleas of Allegheny County, Pennsylvania on February 3, 2010.  In their complaint, Plaintiffs assert

---

[1] The VA Hospital also moved to dismiss Plaintiffs' complaint under Fed.R.Civ.P. 12(b)(6), alleging that the complaint failed to state a claim upon which relief may be granted.  Because the VA Hospital's argument in support of the dismissal of this case is jurisdictional in nature, the proper analysis is under Fed.R.Civ.P. 12(b)(1).  See Medina v. City of Philadelphia, 219 Fed.Appx. 169, 171-72 (3d Cir.2007).

negligence and wrongful death and survival claims arising out of the care provided to their brother, Robert Harris, who died on February 26, 2008, while he was a patient at the VA Hospital.

On March 5, 2010, the VA Hospital properly removed the case to this Court pursuant to 28 U.S.C. §§ 1442 and 1446. Simultaneously, the VA Hospital filed the present motion to dismiss Plaintiffs' complaint, together with a brief in support. Plaintiffs have filed a response, and the VA Hospital has filed a reply. Thus, the motion to dismiss is ripe for decision.

III

At issue in a Rule 12(b)(1) motion is the Court's "very power to hear the case." Mortensen v. First Federal Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977). The VA Hospital's challenge to the Court's subject matter jurisdiction in this case is factual, *i.e.*, the VA Hospital asserts that Plaintiffs failed to exhaust their administrative remedies prior to filing this case. Therefore, the Court lacks subject matter jurisdiction. Since the VA Hospital's Rule 12(b)(1) motion is a factual attack on Plaintiff's complaint, there are three important procedural consequences. First, no presumption of truthfulness attaches to Plaintiffs' allegations in the complaint. Second, Plaintiffs have the burden of proving the existence of this Court's subject matter jurisdiction. Third, the Court may make factual findings when ruling on the Rule 12(b)(1) motion. CNA v. United States,

535 F.3d 132, 139 (3d Cir.2008). See also Cestonaro v. United States, 211 F.3d 749 (3d Cir.2000)(Because the Government's challenge to the District Court's subject matter jurisdiction is factual in nature, the District Court may look beyond the pleadings in deciding the Rule 12(b)(1) motion).

IV

The Defendant in this case is a federal agency. As a consequence, the claims asserted by Plaintiffs are governed by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, which is a statutory waiver of sovereign immunity for tort claims against the federal government. Section 2675(a) of the FTCA requires that, prior to filing suit against a federal agency in District Court for money damages for injury or death caused by the negligent or wrongful act or omission of a government employee while acting within the scope of his or her employment, a claim must be presented to the federal agency. If the claim is denied, or the federal agency fails to render a final disposition of the claim within 6 months, the claimant may institute an action against the federal agency under the FTCA in District Court. McNeil v. United States, 508 U.S. 106, 113 (1993)("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit.").

In support of its motion to dismiss, the VA Hospital submitted the affidavit of James C. Sinwell, Assistant Regional Counsel for the Department of Veterans Affairs. A Standard Form 95, Claim for Damage, Injury or Death, which was completed by Plaintiffs on February 15, 2010 in connection with the death of Robert Harris is attached to the affidavit, and Mr. Sinwell avers that Plaintiffs' administrative claim was received by the Department of Veterans Affairs on February 16, 2010. (Document No. 4-2). Plaintiffs do not dispute the fact that they filed a claim with the Department of Veterans Affairs arising out of the events that are the subject of this lawsuit, and no evidence has been presented to show that Plaintiffs' administrative claim has been denied. (Document No. 6). Accordingly, the Court lacks subject matter jurisdiction and the VA Hospital's motion to dismiss must be granted.

V

In conclusion, the Court notes that in the event Plaintiffs' administrative claim is denied or the Department of Veterans Affairs fails to render a decision on their claim within 6 months of its filing, Plaintiffs then may file an action under the FTCA in this Court.

_William L. Standish_
William L. Standish
United States District Judge

Date: March 16, 2010

4